UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>MARTIN BRESSEM, individually, BUTTERFIELD REALTY INC., a California Incorporated Company, and COMMUNITY PARTNERS REALITY,, an entity of unknown corporate form, and DOES 1 through 20.<br><br>    Defendants. | Case No. 10-cv-1542<br><br>**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF** |

Plaintiff Microsoft Corporation ("Microsoft") brings this action against DEFENDANTS Martin Bressem ("Bressem"), Butterfield Realty, Inc., ("Butterfield Realty"), and Community Partners Realty ("Community Partners Realty"), and DOES 1 through 20 (each a "Defendant" and collectively, "Defendants") and alleges as follows:

## I.   JURISDICTION AND VENUE

1.   This is a complaint for an injunction, damages and other appropriate relief to stop Defendants from violating Microsoft's trademark and service mark rights by registering Internet domain names that are identical or confusingly similar to Microsoft's trademark and service marks, and by using those domain names in bad faith to profit from Microsoft's mark.  In this

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1. action, Microsoft alleges: (1) Violations of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d); (2) False Designation of Origin, 15 U.S.C. § 1125(a); (3) Trademark Dilution, 15 U.S.C. § 1125(c); (4) Unfair Business Practices, RCW § 19.86 *et seq.*; (5) Unfair Competition under Washington common law; and (6) Unjust Enrichment under Washington common law.

2. This Court has subject matter jurisdiction over Microsoft's claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

3. This Court has personal jurisdiction over Defendants, who have engaged in business activities in and directed to this district and have committed a tortious act within this district.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Microsoft's claims occurred in this judicial district.

## II.   THE PARTIES

5. Plaintiff Microsoft is a Washington corporation with its principal place of business in Redmond, WA.

6. On information and belief, Defendant Martin Bressem is an individual residing at 29315 Kinglet Court, Laguna Niguel, CA 92677. On further information and belief, Martin Bressem registered, used, owns or co-owns the Infringing Domain Names (*see infra*, Paragraph 22) and/or Defendants' Websites (*see infra*, Paragraph 24).

7. On information and belief, Defendant Butterfield Realty is a corporation organized under the laws of California, with a principal place of business at 4632 Riverside Dr., Chino, CA 91710-3936. On information and belief, Bressem serves as Butterfield Realty's President. On further information and belief, Butterfield Realty used, owned or co-owned one or more Infringing Domain Names and/or otherwise infringed one or more Microsoft trademarks or service marks, jointly and/or severally, and directly, contributorily, and/or vicariously.

8. On information and belief, Defendant Community Partners Realty is an entity of unknown corporate form, with a principal place of business at 4632 Riverside Drive, Chino, California 91710-3936. Bressem is the founder and serves as the Director and President. On

1   further information and belief, Defendant Community Partners Realty uses, owns or co-owns one
2   or more Infringing Domain Names and/or otherwise infringed one or more Microsoft trademarks
3   or service marks, jointly and/or severally, and directly, contributorily, and/or vicariously.

4   9.   Microsoft is unaware of the true names and capacities of the Defendants sued
5   herein as Does 1 through 20, but alleges on information and belief that each of them is in some
6   way responsible for the wrongs alleged herein. Microsoft will amend this complaint to plead
7   their true names and capacities when ascertained.

8   10.   Microsoft is informed and believes, and thereupon alleges, that each of the
9   Defendants is, and at all times mentioned herein was, the agent of each of the other Defendants
10   in that at all time herein mentioned each of the Defendants was authorized and empowered by
11   each of the other Defendants to act, and did act, as the principal or agent of each of the other
12   Defendants. Microsoft further alleges that each and every allegation regarding Defendants
13   contained herein was done by each Defendant in the course and scope of said agency and in the
14   capacity of and as principal or agent for, each of the other Defendants and with the permission
15   and consent of each co-Defendant.

16   ### III.  MICROSOFT'S BUSINESS AND TRADEMARKS

17   11.   Microsoft is a world leader in the development of software and related products
18   for a wide variety of personal, business, government, and academic uses. Microsoft offers a
19   broad range of products and services, including, but not limited to, its Bing Internet-search
20   business.

21   12.   Microsoft owns a number of trademarks and service marks that it uses to identify
22   its products and services in the marketplace. Among the marks owned by Microsoft is the mark
23   BING (the "Bing mark").

24   13.   Since May of 2009, Microsoft has used the Bing mark in commerce to promote its
25   Internet-search business, including a visual/graphics search component.

26   14.   On March 2, 2009, Microsoft's predecessor applied to register the Bing mark with
27   the USPTO. On August 31, 2010, the USPTO issued a Notice of Allowance to Microsoft's
28   predecessor for the Bing mark with the Serial Number 77-681,512 for providing a web site and

web site links to geographic information, map images, and trip routing. *See* Exhibit 1. Microsoft has also sought trademark registration with other governmental trademark authorities worldwide.

15.     On May 28, 2009, Microsoft implemented the <bing.com> search engine under the Bing mark. Microsoft owns the <bing.com> domain name, which Microsoft uses to provide its search engine services. Microsoft received worldwide press coverage of the launch of the BING search engine. *See* Exhibit 2.

16.     The Bing mark is a famous mark, broadly recognized as a brand identifier for Microsoft's services provided under that mark. Since its launch, <bing.com> has consistently been one of the 30 most visited sites in the world, according to Statistics provided by Alexa.com. *See* Exhibit 3. In August, 2010, Microsoft's Bing passed Yahoo to become the second most popular search engine in the United States, according to the latest data from the Nielsen Company. *See* Exhibit 4. Further, Bing, MSN, and WindowsLive together constitute the fourth most popular United States Online Video Brand. *See id.*

17.     The Bing mark, as well as others owned by Microsoft, is used in interstate commerce by Microsoft in connection with the sale, offering for sale, distribution, and advertising of Microsoft's products and services. The Bing mark is distinctive and famous and was distinctive and famous at the time of all acts alleged herein. As a result of Microsoft's investment in developing world-class products and services and promoting those products and services under the Bing mark, the Bing mark has developed extensive goodwill in the market. Accordingly, the Bing mark is extremely valuable and important to Microsoft.

### IV.     MICROSOFT'S INTERNET PRESENCE

18.     Microsoft also maintains a substantial presence on the Internet. Via the Internet, Microsoft advertises its products and services, transacts business with its customers, offers its customers access to many of its services, and provides product support, among other things.

19.     In order to provide its customers with easy access to its online products and services, Microsoft has registered a number of Internet domain names. Many of these domain names correspond to Microsoft's trademarks and service marks. One example of such a domain name is <bing.com>.

20. The <bing.com> domain name resolves to a Microsoft-created website that provides Microsoft's customers with the opportunity to search the internet using Microsoft's Bing search engine. The website at <bing.com> generates business and goodwill for Microsoft, and allows Microsoft to create, develop, and maintain relationships with its customers

## V. REGISTRATIONS SURROUNDING THE BING LAUNCH

21. In the days and months following the launch of Bing, unusually large numbers of domains were registered including "BING." The chart below displays the number of domains registered in each month from January of 2004 through April of 2010. The large increase in registrations starting in May and June of 2009 corresponds to Microsoft's marketing campaign in support of the launch of its Bing search engine.



## VI. DEFENDANTS' UNLAWFUL ACTIONS

22. Defendants are or have been the owners, registrants and/or users of many Internet domain names that contain or consist of the Bing mark (the "Infringing Domain Names"). A representative, though not necessarily exhaustive, list of 39 of Defendants' Infringing Domain Names is attached hereto as Appendix A.

23. The Infringing Domain Names are identical or confusingly similar to the Bing

mark. Infringing Domain Names do not resolve to websites owned or endorsed by Microsoft. The majority of the infringing websites display a parked page with a list of targeted advertisements under the heading "Sponsored Listings." *See* Exhibit 5.

24. At least some of the Infringing Domain Names redirect users to websites operated or controlled by Defendants ("Defendants' Websites"). Defendants' Websites include <http://www.reomae.com/> and < http://www.realpreneur.com/>, which promote and sell Defendants' service as a real estate brokerage. *See* Exhibits 6, 7. When consumers looking for a <bing.com> land on Defendants' Website, they are likely to believe mistakenly that Microsoft has authorized or endorsed Defendants' products or services. Importantly, those persons have been diverted from <bing.com>, the Microsoft website the users were seeking to visit, and Microsoft has lost an opportunity to interact with the users, as well as the resulting good will and potential revenue derived from the user's visit to <bing.com>.

25. Defendants use the Infringing Domain Names with an intent to profit from the Bing mark. For example, by utilizing certain of the Infringing Domain Names, on information and belief Defendants direct traffic to their websites for the purpose of increasing sales of their real-estate related services. On information and belief, Defendants obtain revenue from users who are directed to the parked pages that appear on certain other of the Infringing Domains.

26. Defendants are not affiliated with or sponsored by Microsoft and have not been authorized by Microsoft to use the Bing mark. Defendants are not now, nor have they ever been authorized by Microsoft to use or register any name or mark that includes the Bing mark.

27. Defendants' registration, trafficking, and/or use of the Infringing Domain Names is primarily to capitalize on the goodwill associated with the Bing mark.

**FIRST CLAIM FOR RELIEF**
**(Cybersquatting Under the Anti-Cybersquatting Consumer Protection Act –
15 U.S.C. § 1125(d))**

28. Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 27 above.

29. The Bing mark was distinctive at the time Defendants registered the Infringing

Domain Names and remains distinctive today.

30. The Bing mark was famous at the time Defendants registered the Infringing Domain Names and remains famous today.

31. The Infringing Domain Names are identical to, confusingly similar to, or dilutive of the Bing mark.

32. Defendants have registered, trafficked in, and/or used the Infringing Domain Names with bad-faith intent to profit from the Bing mark.

33. As a result of their wrongful conduct, Defendants are liable to Microsoft for violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

**SECOND CLAIM FOR RELIEF**
**(False Designation of Origin Under the Lanham Act – 15 U.S.C. § 1125(a))**

34. Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 33 above.

35. Defendants' use of the Bing mark in connection with goods or services in commerce is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Microsoft, or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities with Microsoft.

36. As a result of their wrongful conduct, Defendants are liable to Microsoft for violation of 15 U.S.C. § 1125(a).

**THIRD CLAIM FOR RELIEF**
**(Dilution Under the Lanham Act – 15 U.S.C. § 1125(c))**

37. Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 36 above.

38. Defendants' use of the Bing mark in commerce commenced after such mark became famous within the meaning of 15 U.S.C. § 1125(c).

39. Defendants' use of the Bing mark in commerce is likely to cause dilution by blurring or dilution by tarnishment of the Bing mark.

40. Upon information and belief, Defendants willfully intended to trade on the recognition of the Bing mark.

41. Upon information and belief, Defendants willfully intended to harm the reputation of the Bing mark.

42. As a result of their wrongful conduct, Defendants are liable to Microsoft for violation of 15 U.S.C. § 1125(c).

**FOURTH CLAIM FOR RELIEF**
**(Unfair Business Practices - RCW § 19.86 *et seq.*)**

43. Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 42 above.

44. Defendants' use of the Bing mark to promote, market, or sell products and services constitutes an unfair business practice pursuant to RCW § 19.86 *et seq*. Defendants' use of the Bing mark is an unfair or deceptive practice occurring in trade or commerce that impacts the public interest and has caused injury to Microsoft.

45. Defendants' actions violate RCW Ch. 19.86 *et seq.*

**FIFTH CLAIM FOR RELIEF**
**(Washington Common Law Unfair Competition)**

46. Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 45 above.

47. Defendants' use of the Bing mark has infringed on its distinctive features in a manner that tends to confuse, in the public mind, Microsoft's products and/or advertising with the products and/or advertising of others.

48. The acts of Defendants complained of herein constitute unfair competition in violation of Washington common law.

**SIXTH CLAIM FOR RELIEF**
**(Washington Common Law Unjust Enrichment)**

49. Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 48 above.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF    8

Orrick Herrington & Sutcliffe LLP
701 5th Avenue, Ste. 5600
Seattle, WA 98104-7097
tel: +1-206-839-4300

50. The acts of Defendants complained of herein constitute unjust enrichment of Defendants at Microsoft's expense in violation of Washington common law.

## VII. PRAYER FOR RELIEF

WHEREFORE, Microsoft respectfully requests that the Court enter judgment against Defendants as follows:

1. That the Court issue temporary and permanent injunctive relief against Defendants, and that Defendants, their officers, agents, representatives, servants, employees, attorneys, successors and assignees, and all others in active concert or participation with Defendants, be enjoined and restrained from:

    a) infringing Microsoft's trademarks and service marks;

    b) using Microsoft's trade names, trademarks, or service marks, or any version thereof, in connection with the description, marketing, promotion, advertising, or sale of products or services not associated with or approved by Microsoft;

    c) registering, using, or trafficking in any domain names that are identical or confusingly similar to Microsoft's marks, including but not limited to domain names containing Microsoft's marks and domain names containing misspellings of Microsoft's marks;

    d) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs a) through c) above.

2. That the Court order the forfeiture or cancellation of the Infringing Domain Names or the transfer of the Infringing Domain Names to Microsoft;

3. That the Court award Microsoft all damages caused by Defendants' unlawful acts;

4. That the Court award Microsoft treble damages as provided by law;

5. That the Court award Microsoft all gains, profits, and advantages derived by Defendants from their unlawful acts;

6. That the Court award Microsoft treble the gains, profits, and advantages derived by Defendants from their unlawful acts;

7. That the Court award Microsoft statutory damages of $100,000 for each Infringing Domain Name;

8. That the Court award Microsoft its attorneys' fees and costs incurred herein, including prejudgment and post-judgment interest; and

9. That the Court grant Microsoft all other relief to which it is entitled and such other or additional relief as is just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Microsoft hereby demands a trial by jury in this action.

| DATED September 24, 2010 | Respectfully submitted,<br>Orrick, Herrington & Sutcliffe LLP<br><br>By: _____/s/ Mark Parris\_\_\_\_\_<br><br>Mark Parris (Bar No. 13870)<br>Jeffrey Cox (Bar No. 37534)<br><br>*Attorneys for Plaintiff*<br>MICROSOFT CORPORATION |
|---|---|

**Appendix A – Defendants' Infringing Domain Names**

actingbing.com
adultdvdbing.com
assetbing.com
batterybing.com
bingcondos.com
bingforeclosure.com
bingnewportbeach.com
bingreo.com
bingreobroker.com
bingreonetwork.com
broadwaybing.com
californiabing.com
consumerbing.com
costbing.com
craigsbing.com
craigslistbing.com
domainingbing.com
electronicsbing.com
foreclosurebing.com
generalcontractorbing.com
journalistbing.com
laptopbing.com
modelbing.com
modelsbing.com
partnersbing.com
photographersbing.com
plasmabing.com
reobing.com
reobrokerbing.com
reofirmbing.com
reomarketingbing.com
reonetworkbing.com
reviewbing.com
reviewsbing.com
seniorsbing.com
shortsalebing.com
singlesbing.com
tldbing.com
wallstreetbing.com

OHS West:260986739.2
9843-2039 HT0/HBB

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

11

Orrick Herrington & Sutcliffe LLP
701 5th Avenue, Ste. 5600
Seattle, WA 98104-7097
tel: +1-206-839-4300